IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Huey Jiuan Liang,** | : | |
| Plaintiff, | : | Case No. 2:16-cv-364 |
| v. | : | Judge Watson |
| **AWG Remarketing, Inc., et al.,** | : | Magistrate Judge Jolson |
| Defendants. | : | |

**PROPOSED STIPULATED PROTECTIVE ORDER**

Plaintiff Huey Jiuan Liang ("Plaintiff") and Defendants AWG Remarketing, Inc., Group 3 Auctions LLC, Keith Whann, Marc Holstein, and Peter Levy ("Defendants") (collectively, referred to as the "Parties" and individually as a "Party") have mutually agreed to the terms of this Stipulated Protective Order ("Order"). Accordingly, it is ORDERED:

**1.** **Scope.** This Order specifically governs the production, use, and handling of confidential and/or proprietary information that is produced, exchanged by, to, or with any person involved in this lawsuit. This Order and the term "Producing Party" extends to all Parties as well as any non-parties who produce records or deposition testimony in this case in response to a subpoena issued by a Party, so long as the non-party signs a copy of the "Attachment A" attached hereto. Other than as expressly provided in this Order, this provision does not entitle any non-parties to receive any discovery materials exchanged between the Parties.

**2.** **Form and Timing of Designation.** A Producing Party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (referred to herein as "Confidential") or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" (referred to herein as "Highly Confidential") on the document in a manner that will not interfere with the

1

legibility of the document and that will permit complete removal of the designation, if necessary. Documents shall be designated Confidential or Highly Confidential prior to or at the time of the production or disclosure of the documents. A Confidential or Highly Confidential designation does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents which may be designated Confidential.** Any Producing Party may designate documents as Confidential upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial or proprietary information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as Confidential.

4. **Documents which may be designated as Highly Confidential.** Any Producing Party may designate documents as Highly Confidential upon making a good faith determination that the documents contain highly sensitive trade secrets or other highly sensitive competitive or confidential information and disclosure to another Party may potentially cause substantial harm.

5. **Depositions.** Deposition testimony shall be deemed Confidential or Highly Confidential only if so designated. Any designation shall be specific as to the portions of the transcript or any exhibit to be designated. Thereafter, the deposition transcripts and any portions so designated shall be protected as Confidential or Highly Confidential, pending objection, under the terms of this Order. The following procedures shall be followed if "Confidential" Information and/or "Highly Confidential" Information is discussed or disclosed in a deposition:

*a.* The producing party shall have the right to exclude from attendance at the deposition, during such time as the "Confidential" Information is to be discussed or disclosed, any person other than the deponent, the court reporter and videographer as applicable, and persons entitled to access to the "Confidential" Information pursuant to Paragraph 6(b) of this Order. The producing party shall have the right to exclude from attendance at the deposition, during such time as the "Highly Confidential" Information is to be discussed or disclosed, any person other than the deponent, the court reporter and videographer as applicable, and persons entitled to access to the "Highly Confidential" Information pursuant to Paragraph 6(c) of this Order.

*b.* The Confidential Information shall be designated as "Confidential" or "Highly Confidential" at the request of counsel for the producing party (or, if the producing party is not a party to the action and is not represented at the deposition, at the request of counsel for any party).

*c.* If a request under subparagraph (b) is made on the record during the deposition, the reporter shall indicate on the cover page of the transcript that the transcript contains "Confidential" or "Highly Confidential" information and additionally shall list the pages and line numbers of the transcript on which the information in question is contained. For any information deemed "Highly Confidential," the court reporter shall redact such information from the body of the primary transcript of the deposition, and shall prepare a separate transcript containing only that designated information, retaining the same page numbers and line numbers as the original transcript.

*d.* Alternatively, a request under subparagraph (b) may be made in writing within fourteen (14) days after the requesting counsel receives a copy of the transcript of the deposition. The request shall contain a list of the numbers of the pages and lines of the transcript that are to be designated as containing "Confidential" or "Highly Confidential" information, and specific designations for each item or group of items on the list. The list shall be set forth on one or more separate pieces of paper, the first one of which shall bear the caption of the action and identifying information about the deposition. The requesting counsel shall insert the list before the cover page of the transcript and shall mail, email, or fax copies of the list to counsel for all Parties so that it may be affixed to the face of the transcript and each copy thereof.

*e.* All information disclosed at a deposition and all information contained in transcripts and/or other recording shall be treated as "Highly Confidential" for a period of fourteen (14) days after the receipt of the transcript and/or other recording to permit adequate time for review of the transcript and/or other recording and notice to other counsel regarding any designation as Confidential Information by a designating party.

**6.  Protection of Confidential and Highly Confidential Material.**

*a.* <u>*General Protections*</u>.  Documents designated Confidential or Highly Confidential under this Order shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons identified in Paragraphs 6(b) or 6(c) for any purpose whatsoever other than to prepare for and to conduct discovery and litigation of this action, including any appeal thereof.

b. *Limited Third-Party Disclosures for Confidential Documents.* The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential documents to any third person or entity. Subject to these requirements, however, the following categories of persons may be allowed to review documents that have been designated Confidential:

  (i) Counsel. Counsel for the Parties and employees and agents of counsel who have responsibility for the preparation and trial of this action;

  (ii) Parties. Parties and employees of a Party to this Order who are actively engaged in the litigation on an ongoing basis;

  (iii) Court Reporters and Recorders. Court reporters and recorders retained for depositions;

  (iv) Court and Court Personnel. The Court and Court Personnel pursuant to the conditions outlined in Paragraph 8 below;

  (v) Consultants, Investigators, and Experts. Consultants, investigators, or experts (and their staff) employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A; and

  (vi) Others by Consent. Other persons only by written consent of the Producing Party or upon order of the Court and only on such conditions as may be agreed or ordered. All persons shall execute the certification contained in Attachment A.

c.  *Limited Third-Party Disclosures of Highly Confidential Documents.* The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Highly Confidential documents to any third person or entity. Subject to these requirements, however, the following categories of persons may be allowed to review documents that have been designated Highly Confidential:

(i) Counsel. Counsel of record for the Parties in this action and their employees and agents to whom disclosure is reasonably necessary for the conduct of this action. Counsel and their employees shall hold the Highly Confidential documents in confidence and shall not disclose them, directly or indirectly, to any other person not authorized to receive them under this Order, including to any other Parties to this litigation, directly or indirectly;

(ii) Consultants/Experts. Any expert or consultant (including their staff) who is directly retained by a Party or its counsel in order to assist in the conduct of this action, but only to the extent that such disclosure is deemed reasonably necessary by the receiving counsel. The expert or consultant may retain Highly Confidential documents only for so long as is reasonably necessary for his or her assistance and participation in this litigation and any appeal hereof;

(iii) Court Reporters and Recorders. Court reporters and recorders engaged for deposition; and

(iv) Court and Court Personnel. The Court and Court Personnel pursuant to the conditions outlined in Paragraph 8 below.

d. *Consent to Protective Order.* With respect to the persons referenced in Paragraphs 6(b)(v)-(vi) and 6(c)(1)-(iii), prior to the disclosure of any Confidential or Highly Confidential material, the disclosing party shall (1) provide the person with a copy of this Order, and (2) obtain from that person written agreement to be bound by the terms of this Order in the form attached hereto as Attachment A.

e. *Control of Documents.* Counsel for the Parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as Confidential or Highly Confidential pursuant to the terms of this Order. Counsel shall maintain the originals of the Attachment A signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment, and/or the conclusion of any appeals arising therefrom.

f. *Copies.* Prior to production to another Party, all copies, electronic images, duplicates, extracts, summaries, or descriptions of documents designated as Confidential or Highly Confidential under this Order, or any individual portion of such a document, shall be affixed with the appropriate designation if the words do not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order.

**7. Inadvertent Production.** If a Producing Party discovers after the production of discovery material that it has inadvertently failed to designate the material as Confidential or Highly Confidential, it shall give written notice to the receiving party that the material is Confidential or Highly Confidential. Within five (5) business days of the notice, (i) the receiving

party shall, to the extent possible, retrieve all copies of the inadvertently produced discovery material from any person or persons in possession of such copies and return them to the Producing Party; (ii) the Producing Party will simultaneously provide copies of the same discovery material marked with the appropriate designation; and (iii) thereafter the parties shall treat such copies as designated.

   *a.* The information shall not lose its protected status through such production or disclosure if the producing party provides written notice to the receiving party within fourteen (14) days of the discovery of the inadvertent production or disclosure, identifying the document or information in question and the corrected confidential designation for the document or information. Disclosure by the receiving party to unauthorized persons before being notified of the inadvertent disclosure shall not constitute a violation of this Protective Order. Nothing in this Protective Order shall preclude the receiving party from challenging the confidentiality designation of the late-marked material pursuant to the provisions of Paragraph 9 of this Order.

   *b.* Any party who inadvertently discloses information or documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents or information be returned. The inadvertent disclosure of such information or documents shall not constitute a waiver of any applicable privilege. The receiving party shall return such inadvertently produced documents, including all copies, within fourteen

(14) days of receiving such a written request or may challenge the assertion of privilege within the fourteen (14) day period. Any notes or summaries referring or relating to any inadvertently produced privileged material shall be destroyed. Pending a motion challenging the privileged designation, the receiving party shall not make any use of the disputed documents. The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

8. **Filing of Confidential or Highly Confidential Documents Under Seal.** To the extent that a party wishes to attach to a brief, memorandum, or pleading any documents marked as Confidential or Highly Confidential, then, prior to filing, the party must move the Court for permission to file such document under seal.

*a.* Before any party seeks to file a document marked as Confidential or Highly Confidential under seal with the Clerk, the filing party shall first consult with the Producing Party who originally designated the document to determine whether, with the Producing Party's consent, the document or a redacted version of the document may be filed with the Court not under seal.

*b.* Where agreement is not possible or adequate, a party seeking to file a document under seal shall follow the procedures outlined in Local Rule 5.2.1 and this Court's Preliminary Pretrial Order (entered June 22, 2016) [Doc. 39].

*c.* To the extent that it is necessary for a Party to discuss the contents of any Confidential or Highly Confidential information in a written filing with the Court, then such portion of the filing may be filed under seal with leave of Court. In

such circumstances, counsel shall prepare two versions of the filing, a public and a confidential version. The public version shall contain a redaction of references to Confidential or Highly Confidential information. The confidential version shall be a full and complete version of the filing and shall be filed with the Clerk under seal as above. A copy of the unredacted filing also shall be delivered to the Court's chambers.

    *d.*    To the extent the Court grants permission to file a document under seal, that particular exhibit shall be filed under seal without disclosing the contents of any Confidential or Highly Confidential information in the body of the brief, memorandum, or pleading.

    *e.*    If the Court or a particular judicial officer develops an alternative method for the electronic filing of documents under seal, then the parties shall follow the alternative method and shall not file any documents or pleadings manually with the Clerk.

    **9.**    **Challenges by a Party to Designation as Confidential or Highly Confidential.**
If any party to the action disagrees with the designation of a document or information produced, that party shall provide to the producing party written notice of its disagreement at any time. Within ten (10) business days of receipt of such written notice, the designating party shall either remove or reduce the designation, or respond that it has reviewed the matter and continues to maintain the designation in good faith. The Parties shall first try to dispose of such dispute in good faith on an informal basis.

    *a.*    The Parties are strongly encouraged to agree on "declassification" or "downgrading" of redacted copies of particular documents or to agree that certain

specified persons may be given access to particular protected information. If agreement is reached confirming or waiving the Confidential or Highly Confidential designation as to any documents subject to the objection, the Producing Party shall serve on all Parties a notice specifying the documents and the nature of the agreement.

    *b.* If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court. The burden of proving that the information has been properly designated as protected is on the party making such designation, except that a party claiming that information designated by the other as confidential is in the public domain shall have the burden of proving such public knowledge. The information shall retain the designation made by the producing party unless and until the Court orders modification or removal of any designation, and any party violating such a designation will be liable for violation of this Order (even if the Court subsequently finds that the designation was improper).

**10. Action by the Court.** Applications to the Court for an order relating to any documents designated Confidential or Highly Confidential shall be by motion, unless the parties agree jointly to raise the issue initially with the Court informally. Notwithstanding Local Rule 7.2(a)(2), with respect to any motion filed under this section, the Parties hereby consent to an expedited briefing schedule as follows: Any memorandum in opposition shall be served within fourteen (14) days from the date of service set forth in the certificate of service attached to the Motion and a reply memorandum may be served within seven (7) days after the date of service of the memorandum in opposition. Nothing in this Order or any action or agreement of a Party

under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

11. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. Unless offered to rebut testimony of another witness or to refresh a witness's recollection, if a party intends to present at trial Confidential or Highly Confidential documents or information derived therefrom, such Party shall provide advance notice to the Court and the other Parties and affected producing Parties at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (*i.e.*, by Bates number, page range, deposition transcript lines, etc.) without divulging the actual Confidential or Highly Confidential documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Obligations on Conclusion of Litigation.**

   a. <u>*Order Remains in Effect.*</u> Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   b. <u>*Return of Confidential or Highly Confidential Documents.*</u> Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents treated as Confidential or Highly Confidential under this Order, including copies as defined in Paragraph 6(e), shall be returned to the Producing Party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction in lieu of return; or

(3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that Party elects to destroy the documents and certifies to the Producing Party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain a complete copy of all pleadings and motions filed in the litigation as well as a complete copy of all materials marked as exhibits at any trial, hearing, or deposition in the litigation, even if the exhibit was not ultimately admitted into evidence. Counsel may also retain all attorney work product, including an index that refers or relates to information designated Confidential or Highly Confidential, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be Confidential or Highly Confidential under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use Confidential or Highly Confidential documents or information.

**13. Third-Party Requests**.

*a.* *Notification to Producing Party*. If information designated Confidential or Highly Confidential in the possession of any receiving party is subpoenaed by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such information, or is the subject of any discovery request under Rules 30-36 of the Federal Rules of Civil Procedure or any comparable rule of court or of any adjudicative body (such subpoena or discovery request collectively referred to as a "Third-Party Request"), the party to whom the Third-Party Request is directed will not produce such information without first giving

prompt written notice (including a copy of the Third-Party Request) to the attorneys of record for the producing party.

    b. *Notification to Third-Party of Protective Order*. The party receiving the Third-Party Request must also promptly inform in writing the party who caused the Third-Party Request to issue in the other litigation or proceeding that some or all the material covered by the Third-Party Request is subject to this Protective Order. The party receiving the Third-Party Request must deliver a copy of this Protective Order promptly to the party in the other action that caused the Third-Party Request to issue.

    c. *Cooperation with Producing Party*. The receiving party agrees to cooperate with the producing party to extend this Protective Order to the Third-Party requesting the Confidential or Highly Confidential information, including but not limited to joining with the producing party in a motion to compel the Third-Party to join in this Protective Order pursuant to Paragraph 6(d).

**14. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a Party or any other person with standing concerning the subject matter. Further, this Order may be amended to include other parties as they are joined to the action.

**15. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated Confidential or Highly Confidential by counsel or the Parties is subject to

protection under Rule 26(C) of the Ohio Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

    IT IS SO ORDERED.


Date: July 7, 2017　　　　　　　　　　　　　　s/Kimberly A. Jolson
                                                           KIMBERLY A. JOLSON
                                                           UNITED STATES MAGISTRATE JUDGE


*APPROVED:*

| | |
|---|---|
| /s/Tiffany C. Miller | /s/Barton R. Keyes |
| Tiffany C. Miller (0072881) *Trial Attorney* | Barton R. Keyes (0083979) *Trial Attorney* |
| Bailey Cavalieri LLC | Cooper & Elliott, LLC |
| One Columbus | 2175 Riverside Drive |
| 10 West Broad Street, 21st Floor | Columbus, Ohio 43215 |
| Columbus, Ohio 43215-3422 | (614) 481-6000 |
| (614) 229-3211 | (614) 481-6001 (Facsimile) |
| (614) 221-0479 (Facsimile) | bartk@cooperelliott.com |
| tiffany.miller@baileycavalieri.com | |
| | Counsel for Defendants |
| G. Brent Sims | Keith Whann, AWG Remarketing, Inc. |
| WHGC, P.L.C. | and Group 3 Auctions, LLC |
| 1301 Dove Street, Suite 1050 | |
| Newport Beach, California 92660 | /s/ Nathan D. Painter |
| (949) 833-8483 | Nathan D. Painter (0076274) *Trial Attorney* |
| (949) 833-2281 | Painter & Associates, LLC |
| BrentSims@WHGCLaw.com | 5123 Norwich St., Ste. 200 |
| | Hilliard, Ohio 43026 |
| Counsel for Plaintiff Huey Jiuan Liang | (614) 319-3306 |
| | (614) 594-7170 (Facsimile) |
| | nathan@painterandassociates.com |
| | |
| | Counsel for Defendants |
| | Peter Levy and Marc Holstein |